## TROMBLY *v.* TROMBLY.

PROMISSORY NOTE—DENIAL OF EXECUTION—WANT OF CONSIDERATION—INSTRUCTIONS TO JURY.

Where, in an action on a promissory note, the defendant denied having signed it, or having received any consideration therefor, and further testified that, while being taught to write by plaintiff, he signed his name to several pieces of paper, which he left on plaintiff's desk, it was *held* that it was error to refuse to charge the jury, as requested, that if defendant signed the note without receiving any consideration therefor, or without understanding it to be a promissory note, or if he signed his name to a blank piece of paper, and the body of the note was filled in without his knowledge or consent, defendant was not liable, and to charge merely that, if defendant signed the note, plaintiff could recover.

Error to Wayne; Frazer, J. Submitted June 7, 1895. Decided July 9, 1895.

*Assumpsit* by David Trombly against Isedor Trombly on a promissory note. From a judgment for plaintiff, defendant brings error. Reversed.

*George X. M. Collier*, for appellant.

*B. T. Prentis*, for appellee.

LONG, J. Plaintiff sued on a promissory note of $60. Defendant pleaded the general issue, and filed an affidavit denying the execution of the note. The cause was heard on appeal in the circuit, where plaintiff had judgment.

On the trial the plaintiff testified that he loaned the defendant $60, and took his note therefor, and that at that time defendant was working for him by the month, on his farm. Defendant testified that he never signed the note in question. He further testified that he worked for the plaintiff, and, while there, that the plaintiff taught him to write his name; that he practiced on several pieces of writing paper, and left the papers lying on plaintiff's desk. He also denied having received at any time any money or other property from the plaintiff, or any consideration whatever for the note. The note was written on a piece of common note paper. Plaintiff admitted that he taught the defendant to write, but stated that defendant practiced with a pencil. Some papers were put in evidence, which were admitted to bear the signature of defendant, and several expert witnesses were called, some of whom testified that the person who signed the note in question signed the other papers, while others gave it as their opinion that they were signed by a different person.

At the close of the evidence, the court was asked by counsel for defendant to charge the jury:

"3. I charge you, as matter of law, that if you believe the defendant signed such promissory note without re-

ceiving consideration therefor, or without understanding the same to be a promissory note, your verdict must be for the defendant.

"4. I charge you, as matter of law, that if you believe the defendant signed his name to a piece of blank paper, and the body of the promissory note in question was filled in without his knowledge or consent, or without defendant's receiving any consideration for the same, your verdict must be for the defendant."

These requests were refused, and the court charged the jury substantially as follows:

"This note was signed by somebody, and it was signed in the name of the defendant. It was signed either by the defendant or by somebody else. If it was signed by the defendant, he is liable, and your verdict should be for the amount of the note and interest; if he did not sign it, then he is not liable, because it is not his paper, and he did not execute it."

Again, the court said:

"The important question is whether this note was executed by the defendant or not, or by somebody else without his consent, because, if it was executed by somebody else without the consent of the defendant, and his name signed to it without his consent, it would be a forgery. So you must determine this issue, and, if you find that the defendant did not execute this note, then you will find for the defendant; if you find that he did sign this note, then you will find for the plaintiff."

We think the court was in error in not giving the requests to charge as asked. The charge as given did not fully cover the questions which counsel for defendant sought to get before the jury, which theory was that, the defendant having signed his name upon several pieces of paper while he was being taught to write, the plaintiff or some one other than defendant had written the note above his signature, in which case the plaintiff could not recover; and, again, that if defendant signed the note without receiving any consideration, or without understanding that it was a promissory note, the defendant could not be held liable. We cannot say that there was

no evidence to support such claims, and the court should have given the requests. The jury were left substantially with the instruction that, if the defendant signed the note, the plaintiff could recover. The jury may have been misled by this instruction.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.